UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ALBERTO LARA,                                          :
                                                       :
                          Plaintiff,                   :
                                                       :          **COMPLAINT**
              -against-                                 :
                                                       :
METROPOLITAN PROPERTY SERVICES INC.,    :          **JURY TRIAL DEMANDED**
and HRP 133-134 LLC,                                   :
                                                       :
                          Defendants.                  :
------------------------------------------------------------------- X

Alberto Lara ("Plaintiff"), by his attorneys Pechman Law Group PLLC,
complaining of defendant Metropolitan Property Services Inc., and HRP 133-134 LLC
(collectively the "Defendant Buildings"), alleges:

## NATURE OF THE ACTION

1.      Throughout his employment as building porter and superintendent in
multi-unit apartment buildings, Plaintiff regularly worked up to ninety-one hours per
workweek and was paid for all hours on a "straight time" basis that failed to compensate
him with overtime pay at one and one-half times his regular hourly wage rate for hours
worked over forty per workweek. Defendants further failed to provide Plaintiff a wage
notice when hired and wage statements with each payment of wages.

2.      Plaintiff brings this action to recover unpaid overtime wages, liquidated
damages, statutory damages, pre- and post-judgment interest, injunctive and declaratory
relief against Defendants' unlawful actions, and attorneys' fees and costs pursuant to the
Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law
§ 190, et seq. ("NYLL").

## JURISDICTION

3.    This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.    Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because Plaintiff was employed at buildings that are located, and owned and operated by Defendants, in the Southern of New York.

## THE PARTIES

**Alberto Lara**

5.    Lara resides in New York County, New York.

6.    Defendant employed Lara as a superintendent and porter for the resident buildings located at 504 West 134th Street, and 133 West 133 Street in Manhattan from on or about July 19, 2017, through October 15, 2025.

**Defendant Metropolitan Property Services Inc.**

7.    Defendant Metropolitan Property Services Inc. a New York corporation that owns, operates, and does business as a multi-unit apartment building located at 504 West 134th Street in Manhattan.

8.    Defendant Metropolitan Property Services Inc. lists 141-50 85th Road, Briarwood, New York 11435, as its service of process address.

**Defendant HRP 133-134 LLC**

9.    Defendant HRP 133-134 LLC a New York corporation that owns, operates, and does business as a multi-unit apartment building located at 504 West 134th Street in Manhattan.

**Defendants are Joint Employers**

10.    The Defendants Buildings have a high degree of interrelated and unified operations, centralized control of labor relations, common control, common business purposes, interrelated business goals, and common ownership.

11.    Despite operating under separate companies, the Defendant Buildings operated as a single integrated enterprise that jointly employed Plaintiff at both residential apartment buildings in New York City.

12.    The Defendant Buildings constitute an enterprise, as defined by the FLSA, that has employees selling, handling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

13.    In the three years preceding the filing of this Complaint, the Defendant Buildings had annual gross volume of sales or business revenues, individually and collectively, not less than $500,000.

14.    Under the management of the Defendant Buildings Plaintiff was regularly transferred between the properties, where he performed the same basic job duties, was subject to the same employment policies, practices and procedures, and was directed and/or permitted to perform work at all locations without retraining.

15.    The Defendant Buildings employed several supervisors that created, modified, and controlled Plaintiff's schedule, and work duties.

16.    The Defendant Buildings exercised sufficient control over Metropolitan Property Services Inc. and HRP 133-134 LLC's operations, and Plaintiff's employment to be considered his employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

17.    Plaintiff worked as a superintendent and porter at two buildings: 504 West 134th Street and 133 West 133 Street, both located in New York.

3

18.    From on or about July 19, 2017, through December 2024, Plaintiff worked as a superintendent from approximately 9:00 a.m. to 4:30 p.m. at 504 West 134th Street, with a thirty-minute lunch break, Monday through Sunday, for a total of forty -nine hours per workweek.

19.    As a superintendent, Plaintiff was responsible for fixing any issues within tenants' apartments and overseeing the work of the building's porters.

20.    In or about February 2025, Defendants terminated the porters employed at 504 West 134th Street and 133 West 133 Street.  From on or about February 2025 through October 15, 2025, Defendant required Plaintiff to work both as a superintendent and a porter for both buildings.

21.    As a porter, Plaintiff was responsible for dusting, sweeping and mopping the common areas of both buildings, and separating and taking out garbage for both buildings.

22.    During this period, Plaintiff worked as a superintendent from 9:00 a.m. to 4:30 p.m., Monday through Sunday, with a thirty-minute lunch break, and performed porter work from 6:00 a.m. to 9:00 a.m., and again from 6:00 p.m. to 9:00 p.m. up to seven days a week, for a total of approximately ninety-one hours per week.

23.    Throughout plaintiff's employment, the Defendant Buildings paid Plaintiff $21.25 per hour for all hours worked, including hours over forty per workweek.

24.    The Defendant Buildings did not pay Plaintiff overtime compensation at a rate of 1.5 times his regular rate for hours worked in excess of 40 hours per workweek.

4

25.    The Defendant Buildings knew that Plaintiff was working more than 40 hours per week because they set Plaintiff's work schedule and paid Plaintiff's wages.

26.    The Defendant Buildings did not furnish Plaintiff with a wage notice when he was hired reflecting, *inter alia,* the correct overtime wage rates and total hours worked.

27.    The Defendant Buildings furnished Plaintiff with inaccurate wage statements at the end of each pay period that failed to reflect, *inter alia,* his total hours worked, regular rate, and overtime wage rates.

28.    The Defendant Buildings intentionally failed to provide a wage notice and accurate wage statements to Plaintiff in violation of the WTPA to conceal the precise number of regular overtime hours that he worked and the overtime wage rates to which he was entitled in order to inhibit his ability to advocate for the proper payment of wages.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime Wages)

29.    Plaintiff repeats and reallege all foregoing paragraphs as if fully set forth herein.

30.    The Defendant Buildings are employers and employed Plaintiff within the meaning of 29 U.S.C. § 201 et seq.

31.    The Defendant Buildings failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

32.    The Defendant Buildings were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

33.    The Defendant Buildings willfully violated the FLSA by knowingly and intentionally failing to pay overtime wages to Plaintiff.

34. As a result of The Defendant Buildings' willful violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime Wages)

35. Plaintiff repeats and reallege all foregoing paragraphs as if fully set forth herein.

36. Under NYDOL regulations, including 12 N.Y.C.R.R. §§ 141-1.4, Defendants were required to pay Plaintiff one and one-half (1 1/2) times his regular rate of pay for all hours worked in excess of forty per workweek.

37. The Defendant Buildings failed to pay Plaintiff the overtime wages to which he was entitled to under the NYLL and its supporting regulations.

38. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

39. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (Wage Theft Prevention Act – Failure to Provide Accurate Wage Statements)

40. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

41. The WTPA require employers to provide employees with an accurate wage statement each time they are paid.

42. As part of their scheme to avoid paying Plaintiff his overtime wages due, The Defendant Buildings failed to furnish Plaintiff with a statement with each wage

6

payment accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

43.    As part of their general practice and policy, The Defendant Buildings did not provide Plaintiff with accurate wage statements in order to: (1) conceal from Plaintiff the overtime wages he should have received and the precise number of overtime hours he worked per workweek, (2) obstruct Plaintiff from knowing, complaining about, and rectifying Defendants' unlawful wage payment practices, and (3) avoid paying the required overtime wages to Plaintiff.

44.    Due to The Defendant Buildings' violation of NYLL § 195(3), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

### FOURTH CLAIM
### (Wage Theft Prevention Act – Failure to Provide Accurate Wage Notice)

45.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

46.    The WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

47.    As part of their scheme to avoid paying Plaintiff his overtime wages due and in violation of NYLL § 195(1), The Defendant Buildings  failed to furnish Plaintiff at the time of hiring or whenever the rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

7

salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

48.    As part of their general practice and policy, The Defendant Buildings did not provide Plaintiff with a wage notice in order to: (1) conceal from Plaintiff the overtime wages he should have received and the precise number of overtime hours he worked per workweek, (2) obstruct Plaintiff from knowing, complaining about, and rectifying Defendants' unlawful wage payment practices, and (3) avoid paying the required overtime wages to Plaintiff.

49.    Due to The Defendant Buildings' violation of NYLL § 195(1), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-b).

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.. declaring that The Defendant Buildings have violated the overtime wage provisions of the FLSA and NYLL;

b. declaring that The Defendant Buildings have violated the wage notice and wage statement provisions of the NYLL's Wage Theft Prevention Act;

c. declaring that The Defendant Buildings' violations of the FLSA and NYLL were willful;

8

d. awarding Plaintiff damages for unpaid overtime wages;

e. awarding Plaintiff statutory damages arising out of The Defendant Buildings' violations of the WTPA;

f. awarding Plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

g. awarding Plaintiff pre- and post-judgment interest under the FLSA and the NYLL;

h. awarding Plaintiff reasonable attorneys' fees and costs pursuant the FLSA the NYLL; and

i. awarding such other and further relief as the Court deems just and proper.

JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
   April 28, 2026

PECHMAN LAW GROUP PLLC

By:_____
  Louis Pechman
  Camille A. Sanchez
  488 Madison Avenue, 17th Floor
  New York, New York 10022
  Tel.: (212) 583-9500
  pechman@pechmanlaw.com
  sanchez@pechmanlaw.com
  *Attorneys for Plaintiff*